YATES, Presiding Judge.
U.S. Bank, N.A., on March 12, 2003, sued Special Assets,. LLC, pursuant to *712 § 11-48-54, Ala.Code 1975[1] seeking to redeem certain real property Special Assets had purchased from the Porestdale Fire District, which had acquired the property on November 22, 1999, at a public improvements and assessments sale conducted pursuant to § 11-48-49, Ala.Code 1975.[2] Special Assets answered the complaint on April 3, 2003, denying that U.S. Bank had any rights to redeem the property and asserting that the complaint was time-barred.
On June 17, 2003, Charlotte Allen moved to intervene in the action, alleging that she had a right of redemption with respect to the subject property pursuant to § 11^48-54, Ala.Code 1975. Allen stated in her motion that she had been in negotiations with the law firm representing U.S. Bank to redeem the property herself and that she would ultimately be responsible for all amounts paid by U.S. Bank to redeem the property. Allen requested in her complaint that the trial court allow U.S. Bank to redeem the property and require Special Assets to deliver a deed of redemption and possession of the property to U.S. Bank. Special Assets answered Allen’s motion to intervene and complaint on June 26, 2003, denying that Allen had any rights of redemption and contending that her complaint was time-barred. The trial court, on November 3, 2003, granted Allen’s motion to intervene.
On January 5, 2004, U.S. Bank moved the court for a summary judgment, arguing that it was entitled to redeem the property in question pursuant to § 40-10-120, Ala. Code 1975.[3] Also on January 5, *713 2004, Special Assets moved the court for a summary judgment, arguing that the time allowed for redeeming the subject property pursuant to § 11-48-54 had expired and that the provisions of § 40-10-120 may not be used to redeem property sold at a public improvements and assessments sale.
The court, on February 2, 2004, entered an order finding that the sale of the property by the Forestdale Fire District pursuant to § 11-48-49 was void because it was not held on the courthouse steps as required by § 40-10-15, Ala.Code 1975. Citing Brown v. Minor Heights Fire District (In re Brown), 221 B.R. 849 (Bankr.N.D.Ala.1998), and Minor Heights Fire District v. Skinner, 831 So.2d 609 (Ala.Civ.App.2002), Special Assets moved the court to alter, amend, or vacate its judgment, arguing that the ad valorem tax, sale statutes, § 40-10-1 et seq., Ala.Code 1975, are not applicable to a sale conducted pursuant to the public improvements and assessments statutes, § 11-48-1 et seq., Ala. Code 1975.
On February 24, 2004, the trial court entered an amended order reaffirming its finding that the sale was void because it was not conducted on the courthouse steps as required by § 40-10-15, Ala.Code 1975. The court found that the notices of the sale of the property issued by the Forestdale Fire District complied with the notice requirements set forth in § 11-48-49, Ala. Code 1975, and that U.S. Bank’s action to redeem the subject property was time-barred pursuant to §§ 11-48-54 through -57, Ala.Code 1975. The trial court, however, held that the sale by the Forestdale Fire District was void because it did not strictly comply.with § 40-10-15, Ala.Code 1975, and that because the sale was void the issue regarding the timeliness of the action to redeem was moot. The trial court denied both U.S. Bank’s and Special Asset’s motions for a summary judgment, and it dismissed the case.[4] Special Assets appeals. This case was transferred to this court by the supreme. court, pursuant to § 12-2-7(6), Ala.Code 1975.
The trial court made the following findings of fact:
“In this action [U.S. Bank], an assign-ee of the mortgagee of a residential house located at 1536 Cherry Avenue in Forestdale, Alabama, seeks to redeem *714 the said parcel for unpaid dues payable to the Forestdale Fire District. A chronology of events indicates the following:
“1. On August 18, 1999, Charlotte Allen, Plaintiff-intervenor and title owner of the said real estate, executed a mortgage to NationsCredit Financial Services Corporation of Alabama. “2. On November 22, 1999, the For-estdale Fire District purchased the said parcel at a public foreclosure sale to collect delinquent fire dues of $616.89. According to the Fire District Service Fees Sale Deed, the sale took place at the fire hall located at 751 Heflin Avenue East, Birmingham, Alabama, after first having given three consecutive weeks notice through publication in the Birmingham News of the sale.
“3. On October 11, 2001, NationsCre-dit assigned the said real estate mortgage to Plaintiff U.S. Bank, N.A. The mortgage was not recorded with the Office of the Judge of Probate until June 22, 2002.
“4. On January 3, 2002, the Forest-dale Fire District sold and assigned to Defendant Special Assets, LLC, by way of quitclaim deed, its interest in the subject property for the sum of $2,355.25. The said quitclaim deed was recorded with the Office of the Judge of Probate of Jefferson County on February 15, 2002.
“5. On March 12, 2002, the Judge of Probate of Jefferson County issued a ‘warning to redeem.’ A copy of the said document was mailed to Banks C. Ladd, P.C., of Mobile, Alabama [counsel for Special Assets], the Forestdale Fire District and to the firm of Daugherty & Daugherty. The document was recorded on March 13, 2002. “6. On October 24, 2002, the mortgage on the said parcel was referred to the firm of McFadden, Lyon & Rouse, LLC [counsel for U.S. Bank] for institution of foreclosure proceedings.
“7. On November 12, 2002, the said law firm received its initial title report on the said parcel indicating that the Forestdale Fire District had obtained a deed to the parcel, recorded with the Office of the Judge of Probate at 9915/5091.
“8. On November 27, 2002, Plaintiff U.S. Bank demanded in writing, to be appraised of. the amount necessary to redeem the parcel.
“9. On December 2, 2002, Banks C. Ladd ... advised plaintiff U.S. Bank, that the parcel had been resold to Defendant Special Assets, LLC.
“10. On March 10, 2003, Plaintiff U.S. Bank tendered an amount to redeem the property to Attorney Ladd in his representative capacity for Special Assets, LLC, but the attempt to redeem was refused.
“11. On March 12, 2003, this action was commenced with the filing of the summons and complaint.”
In Brown v. Minor Heights Fire District (In re Brown), 221 B.R. 849, a Chapter 13 bankruptcy debtor brought an action to determine whether the public sale of her property that was conducted pursuant to § 11-48-49, Ala.Code 1975, to collect unpaid fire-district assessments, was void because it had not been conducted at the proper time. The fire district argued that because § 11-48-49 does not designate what “legal hours of sale” apply to such sales, the time provision contained in § 40-10-15 (applicable to the sale of property for failure to pay ad valorem taxes) applies. In rejecting this argument by the fire district, the court stated:
“This Court is not persuaded that the provisions of 40-10-15 should now be applied to control sales ■ under section *715 11^8^49, where such an application was not instituted by the Legislature when the [fire] [district’s enabling statute was passed in 1966. What the legislature did choose to do however, was to enact a law that provided that assessment hens in favor of fire districts are enforceable ‘in the same manner in which the foreclosure of a municipal assessment for public improvements is authorized.’ Regardless of what that ‘manner’ is, this Court has no doubt as to what that ‘manner’ is not. And it is not the procedures in section U0-10-15.”
Brown, 221 B.R. at 859 (some emphasis in original; some emphasis added). The court went on to state in dicta that “even if’ § 40-10-15 was applicable, the sale did not conform to the provision of that section because it was not conducted on the courthouse steps. It is this nonbinding language that the trial court in this case erroneously relied upon to determine that the sale was void because it was not conducted upon the courthouse steps in accordance with § 40-10-15, Ala.Code 1975. In Minor Heights Fire District v. Skinner, 831 So.2d 609, a case involving a similar issue, this court adopted the holding in Brown.
Accordingly, we conclude that based on the authority of Brown and Skinner, the trial court erred in determining that the sale in this case was void because it failed to comply with § 40-10-15, Ala.Code 1975. We therefore reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. Section 11-48-54, Ala.Code 1975, provides:
"Any real property heretofore or hereafter sold for the satisfaction of a local improvement assessment lien imposed thereon by the governing body of a municipality may be redeemed by the former owner, or his assigns, or other person authorized to redeem property sold for taxes by the State of Alabama within two years from the date of such sale by paying to the purchaser at such sale or to any person deraigning title under such purchaser or to the city or town treasurer for such purchaser or person der-aigning title under such purchaser the amount of the purchase price for which the property was sold at such sale plus an amount equal to interest on such purchase price from the date of such sale to the date of redemption at the rate of six percent per annum plus a fee of $2.00 to cover the expense of a conveyance. If the redemption is made from the municipality, the payment may be made upon such terms including installment payments as the governing body of the municipality may approve.”

. Section 11-48-49, Ala.Code 1975, provides:
"If the property owner who has not elected to pay installments fails to pay his assessments within 30 days or, having elected to pay in installments, fails to pay the first installment in 30 days from the date of the assessment or makes default in the payment of any annual installment or the interest thereon, the whole of such assessment shall immediately become due and payable, and the officer designated by the municipality to collect such assessments shall proceed to sell the property against which the assessment is made to the highest bidder for cash, but he shall first give notice by publication once a week for three consecutive weeks in some newspaper published in the city or town or of general circulation therein of the date and time of such sale and the purpose for which the same is made, together with a description of the property to be sold. If said officer shall fail to advertise and sell any property on which said payments or installments are past due, any taxpayer of the issuing municipality or any holder of bonds of the series affected by said failure, whether of bonds heretofore issued or to be hereafter issued, shall have the right to apply for a writ of mandamus requiring said official to take such action to any court of competent jurisdiction, and said court shall, on proof, issue and enforce such writ."

.Section 40-10-120, Ala.Code 1975, provides:
"Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes *713 out of the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs, or personal representatives, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or in any part thereof, legal or equitable, in severalty or as tenant in common, including a judgment creditor or other creditor having a lien thereon, or on any part thereof; and an infant or insane person entitled to redeem at any time before the expiration of three years from the sale may redeem at any time within one year after the removal of his disability; and such redemption may be of any part of the lands so sold, which includes the whole of the interest of the redemptioner. If the mortgage or other instrument creating a lien under which a party seeks to redeem is duly recorded at the time of said tax sale, the said party shall, in addition to the time herein specified, have the right to redeem said real estate sold, or any portion thereof covered by his mortgage or lien, at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale served upon such party, and notice served upon either the original mortgagees or lienholders or their transferee of record, or their heirs, personal representatives, or assigns shall be sufficient notice.”

. Although the trial court did not specifically address Allen's intervenor complaint in its final order, because Allen had requested the same relief in her complaint as did U.S. Bank in its complaint for redemption, we consider the order entered in this case final as to Allen for the purposes of Rule 54(b), Ala. R. Civ. P.